In the Matter of the Application for the DISCIPLINE OF Dennis J. MURPHY an Attorney at Law of the State of Minnesota.

No. 52031.

Supreme Court of Minnesota.

Nov. 5, 1982.

Michael Hoover, Director of Lawyers Professional Responsibility, Lawyers Professional Responsibility Bd., St. Paul, for appellant.

Edward J. Matonich, Hibbing, for respondent.

PER CURIAM.

Dennis J. Murphy is an attorney admitted to practice law in the State of Minnesota. Beginning in the spring of 1978 and continuing through September 26, 1980, he represented a number of clients in several matters in his law practice. His handling of these matters led to complaints with the Board of Professional Responsibility and its subsequent investigation revealed numerous violations of the Code of Professional Responsibility. On September 26, 1980, the Board of Professional Responsibility and Dennis J. Murphy entered into the following stipulation:

THIS STIPULATION is entered into this 26th day of September, 1980, by and between MICHAEL J. HOOVER, Director on Lawyers Professional Responsibility, hereinafter referred to as Petitioner, and DENNIS J. MURPHY, hereinafter referred to as Respondent.

WHEREAS, various allegations of unprofessional conduct allegedly committed by Respondent have come to the attention of Petitioner and have been investigated by Petitioner, and

WHEREAS, a letter of Complaint, dated March 26, 1980, has been drafted by Petitioner, served upon Respondent, and scheduled for consideration by a Panel of the Lawyers Professional Responsibility Board on September 26, 1980, and

WHEREAS, on the basis of said investigation, Petitioner has advised Respondent and his attorney that Petitioner intends to ask a Panel of the Lawyers Professional Responsibility Board to direct Petitioner to file a Petition for the discipline of Respondent, and

WHEREAS, Respondent and his attorney have concluded that it is in the best interests of Respondent to enter into this Stipulation,

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, BY AND BETWEEN THE UNDERSIGNED AS FOLLOWS:

1. Respondent understands that he has the right to have the allegations of misconduct against him submitted to a Panel of the Lawyers Professional Responsibility Board; that he has the right to be represented at said hearing by an attorney and to introduce evidence in his behalf, as well as to cross-examine witnesses who appear against him. Respondent further understands that as a result

of said hearing, a Panel could determine discipline is not warranted and dismiss the charges against Respondent, instruct the Director to give a private warning, make a finding of unprofessional conduct and issue a reprimand, or direct the Director to file in the Supreme Court a Petition for Disciplinary Action, either with or without a recommendation as to the matter's ultimate disposition. Respondent further understands that by entering into this Stipulation, he is waiving each and every such right, and agrees that this Stipulation may be submitted directly to a Panel of the Lawyers Professional Responsibility Board for consideration. Respondent further understands that in the event this Stipulation is approved by a Panel of the Lawyers Professional Responsibility Board, a Petition for Disciplinary Action will be filed with the Minnesota Supreme Court. Said Petition for Disciplinary Action will include both the allegations contained in the letter of Complaint dated March 26, 1980, and other allegations which have since then been brought to the attention of Petitioner by Respondent and by third parties.

2. Respondent expressly waives all rights set forth in paragraph 1 of this Stipulation, and consents to the filing of the Petition for Disciplinary Action without further hearing by a Panel and without a recommendation by a Panel of the Lawyers Professional Responsibility Board as to the ultimate disposition.

3. Except as provided herein, Respondent expressly preserves each and every right granted to him under the Rules on Lawyers Professional Responsibility to answer and to otherwise contest the allegations set forth in the Petition for Disciplinary Action, and nothing herein shall be construed as an admission by Respondent of any allegation contained in the Petition for Disciplinary Action.

4. Respondent agrees to comply with the following conditions until the final disposition of the Petition for Disciplinary Action herein:

A. Respondent shall cooperate with the further investigation of Petitioner of any allegations of unprofessional conduct which have or which may come to the attention of Petitioner during the pendency of these proceedings.

B. Respondent shall abide by all provisions of the Code of Professional Responsibility and agrees that any breach of the Code by him shall also constitute a breach of this Stipulation.

C. Respondent shall submit to the supervision of an attorney acceptable to Petitioner. Respondent agrees to cooperate with the supervisor, and agrees that the supervisor shall make periodic reports to Petitioner concerning Respondent's compliance with the terms and conditions of this Stipulation.

D. Respondent's practice shall be limited solely to the handling of criminal defense matters as a member of the office of the Public Defender for the Ninth Judicial District. Respondent shall not handle any other legal matters, including, but not limited to, civil matters of any kind and private criminal defense work.

E. Respondent shall continue his alcohol treatment program and shall abstain totally from the use of alcohol. Respondent will supply to Petitioner, upon reasonable request, such medical waivers as are necessary and sufficient to enable Petitioner to determine that Respondent is complying with his alcohol treatment program. As part of his alcohol treatment program, Respondent shall regularly attend either Alcoholics Anonymous or another support group which is acceptable to Respondent's chemical dependency treatment center.

5. Respondent understands that Petitioner's investigation of Respondent shall continue even after the filing of the Petition for Disciplinary Action. Respondent agrees that in the event said investigation warrants such action, Petitioner may freely amend and supplement the allegations contained in the Petition for Disciplinary Action without submitting said proposed amendments or supplemental allegations to a Panel of the Lawyers Professional Responsibility Board. Petitioner agrees, however, that any amended or supplemental allegations will be made

sufficiently in advance of any hearing scheduled in the Supreme Court to enable Respondent to prepare any defense to said supplemental or amended allegations. Nothing herein shall be construed as preventing Petitioner from bringing amended or supplemental allegations of unprofessional conduct or breaches of this Stipulation to the attention of a Panel of the Lawyers Professional Responsibility Board, with the request that said Panel approve the filing of a Petition seeking the immediate suspension of Respondent from the practice of law, or seeking any other disposition which is permitted under the Rules on Lawyers Professional Responsibility.

6. Respondent understands and agrees that Petitioner reserves the right to recommend the imposition of any disciplinary sanction either to a Referee appointed by the Court or to the Court itself, or both, and nothing herein shall be construed as an admission or representation by Petitioner that the Petition for Disciplinary Action may be appropriately disposed of by permitting Respondent to continue the practice of law with or without conditions.

7. Respondent has been advised by legal counsel in connection with this Stipulation.

8. This Stipulation is entered into by Respondent freely and voluntarily, without any coercion or duress, and with no commitment on the part of any board, court, committee, or other person, concerning Respondent's right as an officer of the Supreme Court of Minnesota to practice law as an attorney before the courts of this state.

Subsequently a referee was appointed to conduct a hearing. Upon completion of the hearing the referee entered findings of several violations of the Code of Professional Responsibility. Based on these findings, the referee made the following recommendations to this court:

1. That the Respondent be reprimanded and censured.

2. That Respondent be suspended from the practice of law in Minnesota for an indefinite period except as to criminal defense matters as a member of the office of public defender for the Ninth Judicial District.

3. Respondent shall pay a fine of $2,000.00 payable to the Lawyers Professional Responsibility Board within 12 months from this date.

4. Respondent shall abide by all provisions of the Code of Professional Responsibility.

5. Respondent shall submit to supervision of an attorney acceptable to the Board. Such supervisor shall make periodic reports to the Board.

Thereafter, on May 5, 1982, the Board of Professional Responsibility and Dennis J. Murphy entered into a Stipulation with this court which provides as follows:

THIS STIPULATION is entered into by and between MICHAEL J. HOOVER, Director of Lawyers Professional Responsibility, hereinafter Director, and Dennis J. Murphy, hereinafter respondent.

WHEREAS, on September 26, 1980, the parties hereto entered into a stipulation, a copy of which is attached hereto as Exhibit A, which provided that respondent's practice would be limited to the supervised handling of criminal defense matters and which further provided that respondent would abstain from alcohol and continue in an alcohol treatment program; and

WHEREAS, on December 10, 1980, upon the direction of a panel of the Lawyers Professional Responsibility Board, the Director filed a petition for disciplinary action herein, and on April 7, 1981, a second petition for disciplinary action was filed herein by the Director; and

WHEREAS, on May 27, 1981, an amended answer to the Director's petitions was filed by respondent, admitting the allegations of the petitions; and

WHEREAS, on April 27, 1981, a deposition of respondent, on file herein, was taken and respondent admitted substantially all of the allegations against him; and

WHEREAS, respondent, respondent's counsel and William J. Wernz, on behalf of the Director, appeared at a hearing

before the Honorable Clarence A. Rolloff, supreme court referee herein, on April 26, 1982; and

WHEREAS, respondent, with the advice of counsel believes and understands that it is in his best interest to enter into this stipulation; and

WHEREAS, the parties understand in entering into this Stipulation that the disposition of this matter proposed herein is a mere proposal that in no way binds the referee or the court;

NOW, THEREFORE, the parties hereby agree and stipulate as follows:

## I.

### Proposed Findings of Fact and Conclusions of Law

As proposed findings of fact and conclusions of law, the parties submit that:

A. The numbered complaints of the petition for disciplinary action herein of December 10, 1980, and of the second petition for disciplinary action, of April 7, 1981, are incorporated herein by reference and accepted by the parties hereto as proposed findings of fact and conclusions of law.

B. The petitions herein do not contain allegations regarding respondent's handling of a custody matter for Kenny Phelps. However, respondent hereby waives formal notice of allegations regarding the Phelps matter and admits the following as proposed findings of fact and conclusions of law. In 1979 Phelps retained respondent to handle a contested custody matter. Respondent on several occasions informed Phelps or Mrs. Phelps that legal proceedings had taken place when such proceedings had not in fact occurred.

C. Respondent's conduct in the Phelps matter violated the disciplinary rules, including but not necessarily limited to DR1–102(A)(4) and DR6–101(A)(3), Minnesota Code of Professional Responsibility (MCPR).

## II.

As additional proposed findings of fact, the parties hereto submit that upon the assertion of the respondent and upon the evidence presently available to the Director, it appears that:

A. During the times related to the allegations of the matters alleged in the petitions herein and the Phelps matter, respondent was suffering from severe physical and emotional problems associated with chemical dependency and withdrawal therefrom. It appears that these problems were a significant cause of respondent's misconduct.

B. From the time of the Stipulation of September 26, 1980, through the present, respondent has maintained his sobriety and has been active in Alcoholics Anonymous.

C. Respondent has submitted to supervision of an attorney, Paul A. Kief, of Bemidji, and Mr. Kief reports to the Director that respondent appears to be complying to the terms and conditions of the September 26, 1980 stipulation.

D. Respondent has, since approximately September, 1980, limited his practice solely to the handling of criminal defense matters as a public defender.

## III.

### Proposed Recommendation

As a proposed recommendation, the parties submit that:

A. The terms of the stipulation of September 26, 1980, shall, upon the agreement of the parties herein and upon order of the court, remain in effect for an indefinite period.

B. Respondent shall not have leave until after one year from the supreme court's order with respect to this stipulation, to apply for reinstatement to the full practice of law or to apply for termination of other conditions of this stipulation. At such time, respondent shall have the burden of proving his fitness to resume such practice and to have the provisions of this stipulation and the September 26, 1980 stipulation terminated.

C. As provided by Rule 24(a), respondent within 90 days of the supreme court's order in this matter shall pay to

the Director costs in this matter in the amount of $500. In addition, the respondent shall then pay to the Director disbursements pursuant to Rule 24(b), including the cost of his deposition of April 27, 1981.

D. At the discretion of the Director, Paul A. Kief, or such other attorney as the Director shall choose, shall act as attorney-supervisor of respondent while this stipulation or an order of the court remains in effect.

Based on the proceedings in this matter and the stipulations of the parties, this court makes the following determinations with respect to the disciplinary proceedings against Dennis J. Murphy:

1. Dennis J. Murphy is hereby publicly censured for his conduct which constituted a violation of the Code of Professional Responsibility.

2. The terms of the stipulation of September 26, 1980, shall remain in effect for an indefinite period.

3. Respondent shall not have leave until after one year from the filing of this decision to apply for reinstatement to the full practice of law or to apply for termination of other conditions imposed herein. At such time, respondent shall have the burden of proving his fitness to resume such practice and to have the provisions of this decision and the September 26, 1980 stipulation terminated.

4. As provided by Rule 24(a) of the Minnesota Rules of Professional Responsibility, respondent, within 90 days of the filing of this decision, shall pay to the Director costs in this matter in the amount of $500. In addition, the respondent shall pay to the Director disbursements pursuant to Rule 24(b) of the Minnesota Rules of Professional Responsibility, including the cost of his deposition of April 27, 1981.

5. Paul A. Kief, or such other attorney as the Director may choose, shall act as attorney-supervisor of respondent.

Judgment of suspension with limited right of practice is herewith entered.