**In the Matter of the Application for the DISCIPLINE OF Dennis J. MURPHY, an Attorney at Law of the State of Minnesota.**

C5-80-52031.

Supreme Court of Minnesota.

Oct. 18, 1984.

### ORDER

The above-entitled matter comes before this court upon a petition for reinstatement filed by respondent Dennis J. Murphy. Pursuant to Minn.R.Law.Prof.Resp. 18, the Director of Lawyers Professional Responsibility conducted an investigation and reported his conclusions to a Lawyers Professional Responsibility Board panel. The panel conducted a full and complete hearing and filed its report and recommendation with this court. The Findings of Fact, Conclusions and Recommendation of the panel are as follows:

### FINDINGS OF FACT

1. Petitioner, Dennis J. Murphy, has abided by the terms of his stipulations with the Director of Lawyers Professional Responsibility, and the terms of the court's order, *In re Murphy*, 325 N.W.2d 826 (Minn.1982).

2. Petitioner has abided by the Code of Professional Responsibility and cooperated with the Director.

3. Petitioner has submitted to a probation supervisor, and the probation supervisor, attorney Paul A. Kief, has reported favorably regarding petitioner.

4. Petitioner has limited his practice to handling criminal defense matters as a member of the Office of the Public Defender for the Ninth Judicial District.

5. Petitioner has continued his alcohol treatment program and has totally abstained from the use of alcohol since July, 1979.

6. Within 90 days of November 5, 1982, specifically on January 17, 1983, petitioner forwarded to the Director the sum of $672.03 in full payment of costs and disbursements.

7. On March 18, 1983, petitioner took the National Conference of Bar Examiners Multi-State Professional Responsibility Examination and received a passing score.

8. Petitioner has regularly attended two weekly Alcoholics Anonymous meetings and has from time to time attended another A.A. meeting and an Al-Anon meeting. Respondent has also been active in other A.A. activities, including certain leadership activities.

9. Petitioner has performed capably as a public defender during the term of his probation.

10. Petitioner has received numerous character and professional references from judges, lawyers and lay persons familiar with his practice of law or with his participation in A.A.

11. Petitioner's psychologist indicates that petitioner is fit to resume the practice of law subject to supervision for a period of time.

## CONCLUSIONS

Petitioner has proven by clear and convincing evidence that he is fit to resume the full practice of law, without continuing restriction of his practice to that of public defender. Because of the gravity of petitioner's original misconduct, the length of time during which petitioner has practiced only criminal law, the Di-

rector's recommendation and the recommendation of petitioner's psychologist, the Panel recommends that petitioner's reinstatement be subject to certain conditions.

## RECOMMENDATION

The Panel recommends to the court that petitioner's petition for reinstatement be granted, subject to petitioner's remaining on supervised probation for one year from the date of the court's reinstatement order. The probation terms and conditions should include that petitioner cooperate with the Director and his supervisor, that the supervisor report quarterly to the Director, that petitioner abide by the Minnesota Code of Professional Responsibility, and any rules of professional conduct promulgated by the court and that unless a motion is made to the contrary by the Director for alleged violations of the Code, Rules, or terms of probation, the probation terminate automatically one year from the court's order, without further hearing. The Panel also recommends as a procedural matter that the court make its order without further hearing.

Based upon the files, records and proceedings herein and the findings, conclusions and recommendation of the panel,

IT IS HEREBY ORDERED:

1. The hearing on the petition for reinstatement required by Minn.R.Law.Prof. Resp. 18(d) is waived.

2. Dennis J. Murphy is hereby reinstated to practice law in the State of Minnesota, subject to continuation of supervised probation for one year from the date of this order upon the following terms and conditions:

A. Respondent shall cooperate fully with his supervisor and with the Director's office in their efforts to monitor respondent's compliance with probation and in any investigations of further unprofessional conduct which may arise during the probation period.

B. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such other more frequent intervals as may reasonably be requested by the Director.

C. Respondent shall abide by the Minnesota Code of Professional Responsibility or such other rules governing attorney conduct as this court may promulgate.

D. Unless a motion is made to the contrary by the Director for alleged violations of the Minnesota Code of Professional Responsibility or such other rules governing attorney conduct as this court may promulgate or the terms of probation, probation will automatically terminate one year from the date of this order without the necessity of a further hearing.